In re CAREER ACADEMY ANTI-TRUST LITIGATION.

ELWONGER
v.
CAREER ACADEMY, INC.

KATZ
v.
CAREER ACADEMY, INC.

RAKES et al.
v.
CAREER ACADEMY, INC., et al.

BROWN
v.
CAREER ACADEMY, INC., et al.

BREELAND et al.
v.
CAREER ACADEMY et al.

BAKER
v.
CAREER ACADEMY, INC., et al.

M D L Docket No. 98.

Nos. 71–C–409, 71–C–429, 72–C–270, 72–C–272, 72–C–276 and 72–C–325.

United States District Court,
E. D. Wisconsin.

Nov. 22, 1972.

Hersh, Stupar, Stepke, Gollin & Schulz by Frederick Hersh, Milwaukee, Wis., for Byford Elwonger, in No. 71–C–409, and Fred Katz in No. 71–C–429.

Godfrey & Kahn, by Wm. H. Alverson and James Ward Rector, Milwaukee, Wis., for Career Academy in Nos. 71–C–409 and 71–C–429.

Charles T. Sykes, Jr., Gulfport, Miss., for Joe F. Rakes.

William M. Rainey, White & Morse, Gulfport, Miss., for Career Academy in No. 72–C–270.

Harry A. Young, Jr., Irvin F. Richman, Allen C. Engerman, Chicago, Ill., for Jimmy Brown.

Jenner & Block by Russell J. Hoover, Chicago, Ill., for Career Academy in No. 72–C–272.

Cooper & Hurewitz by Rubin M. Turner, Beverly Hills, Cal., for Vicky Breeland.

Manatt, Phelps, Copeland & Rothenberg by Alan I. Rothenberg and Barnet Reitner, Los Angeles, Cal., for Career Academy in No. 72–C–276.

David Berger, Herbert B. Newberg and Leonard Barrack, Philadelphia, Pa., for Morton Baker.

Wolf, Block, Schorr & Solin-Cohen by Franklin Poul, Philadelphia, Pa., for Career Academy in No. 72–C–325.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This litigation consists of six actions from five districts which were consolidated for coordinated pretrial proceedings and transferred to this court pursuant to 28 U.S.C. § 1407 by the Judicial Panel on Multidistrict Litigation, 342 F. Supp. 753. The first principal (preliminary) pretrial order, which resulted from the conference, stayed all discovery proceedings and established timetables for the filing of pleadings and non-discovery motions. It provided that plaintiffs would be allowed to file motions for class action determination on or before September 14, 1972, and set a briefing schedule in anticipation of those motions.

One motion has been received and has been fully briefed by the parties involved. The motion purports to be a "joint" motion on behalf of the plaintiffs

in *Katz, Elwonger, Brown* and *Baker,* and seeks to have all four cases designated as class actions with all four plaintiffs designated as class representatives. The class to be represented is described as "all present and former franchises and regional directors of Career Academy, Inc., its subsidiaries and affiliates, during the period September 17, 1967 to the present time who were injured by the offenses of the defendants as charged herein."

I am inclined to agree with the moving plaintiffs that some form of class action treatment may well be warranted in light of the general picture presented by the claims in the defendant Career Academy's original motion for consolidation, the plaintiffs' complaints, and the briefs relating to the class action motion. I do not believe, however, that the joint motion presented should be granted.

■ The main purpose of consolidating multidistrict cases in one court is to conserve judicial resources and avoid duplication of effort in several similar actions. Another salutary purpose, however, and one specifically mentioned by the Judicial Panel in this matter, is to avoid inconsistent adjudications with respect to class action claims. In re Brown Company Securities Litigation, 325 F.Supp. 307 (Jud.Pan.Mult.Lit.1971). Transferee cases retain their individual identities, and it is intended, at least theoretically, that they will be returned to the courts of their inception at the conclusion of pretrial proceedings. Thus, the avoidance of inconsistent adjudications with respect to class action claims must necessarily involve choosing among competing representatives or structuring complementary classes so as to avoid overlapping as much as possible. In re Antibiotic Antitrust Actions, 333 F.Supp. 299, 301–302 (Jud.Pan.Mult. Lit.1971).

■ I recognize that counsel in these four cases may be attemping to avoid present conflicts among plaintiffs by their joint motion; however, I believe their proposal fails to recognize the posture of these separate actions. Although experience with the Multidistrict Litigation Act suggests that return is often unnecessary in practice, transferee courts are obliged to consider that intent in decision making. Return of the cases in this proceeding with the class determination sought herein would result in four separate class actions that would not be merely overlapping but absolutely identical. This is precisely one of the difficulties that consolidation is designed to avoid. In re Plumbing Fixtures, 298 F.Supp. 484, 493–494 (Jud.Pan.Mult. Lit.1968).

I propose, therefore, that the four plaintiffs who have indicated a desire to proceed on behalf of a class be given an opportunity to brief the issue of proper representation. Counsel should submit their views as to their choice of a representative from among the four plaintiffs or rational structuring of limited classes between any or all of them. Briefs will be due December 26, 1972. The defendants shall have until January 15, 1973, to respond to the plaintiffs' arguments if they wish to do so. Plaintiffs Elwonger and Katz may file amended complaints pleading their cases as class actions before or with their briefs. The January 4, 1973, deadline for filing pleadings and non-discovery motions is extended to March 26, 1973.

Therefore, it is ordered that the joint motion for class action determination be and hereby is denied.