## In re SOUTHEAST HOTEL PROPERTIES LIMITED PARTNERSHIP INVESTOR LITIGATION.

### No. 932.

Judicial Panel on Multidistrict Litigation.

Aug. 24, 1992.

Before JOHN F. NANGLE, Chairman, and S. HUGH DILLIN,* MILTON POLLACK, LOUIS H. POLLAK, ROBERT R. MERHIGE, Jr., and WILLIAM B. ENRIGHT, Judges of the Panel.

### TRANSFER ORDER

JOHN F. NANGLE, Chairman.

This litigation presently consists of four actions pending in three federal districts as follows: two actions in the Western District of North Carolina[1] and one action

---

* Judge Dillin took no part in the decision of this matter.

1. One of the North Carolina actions (*Halpert*) was ordered transferred from the Northern Dis-

each in the Southern District of Georgia and the Northern District of Illinois. Before the Panel is a motion by Bear, Stearns & Co. Inc. (Bear Stearns), a defendant in all four actions, to centralize the actions, pursuant to 28 U.S.C. § 1407, in the Western District of North Carolina for coordinated or consolidated pretrial proceedings. Plaintiffs in all four actions oppose the motion. Plaintiffs favor deferral of the matter pending rulings on various pretrial motions in the actions. Alternatively, they favor denial of the 1407 motion on its merits. In the event the Panel deems centralization appropriate, they would favor the Southern District of Georgia as the transferee forum.

On the basis of the papers filed and the hearing held, the Panel finds that these actions involve common questions of fact and that transfer under Section 1407 to the Western District of North Carolina will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Common factual questions arise because all actions contain allegations by investors in Southeast Hotel Properties Limited Partnership (Southeast Partnership) of substantially the same misrepresentations or omissions of material fact in the same private placement memorandum. Centralization of these four actions is therefore necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings (especially with respect to class action determinations), and conserve the resources of the parties, their counsel and the judiciary. Plaintiffs request that we defer transfer until various motions pending in the constituent actions (motions for remand to state court, venue transfer or dismissal) have been resolved. We conclude that deferral is unnecessary, because any such motions can be presented to and decided by the transferee judge. *See In re Plumbing Fixtures Litigation,* 298 F.Supp. 484, 495–96 (J.P.M.L.1968).

We are persuaded that the Western District of North Carolina is the appropriate transferee forum for this docket. We note that 1) Southeast Partnership is located in that district and its bankruptcy proceedings are pending there; 2) general partner Samuel H. McMahon, Jr., resides there and his bankruptcy proceedings are pending there; 3) defendant and general partner SHP Capital, Inc., has its principal place of business in North Carolina; and 4) defendant Commercial Management Corporation, Southeast Partnership's management company for several years, has its principal place of business in the Western District of North Carolina. In light of these factors, many relevant witnesses and documents are likely to be found in the Western District of North Carolina.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending in districts other than the Western District of North Carolina be, and the same hereby are, transferred to the Western District of North Carolina and, with the consent of that court, assigned to the Honorable Robert D. Potter for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

### SCHEDULE A

*MDL–932—In re Southeast Hotel Properties Limited Partnership Investor Litigation*

#### Southern District of Georgia

*Bonnie Ruben, et al. v. Southeast Hotel Properties Limited Partnership, et al.,* C.A. No. 1:91–116

#### Northern District of Illinois

*Fred and Howard Schnair Building Partnership, et al. v. Bear, Stearns & Co., Inc., v. Samuel H. McMahon, Jr., et al.,* C.A. No. 1:91–7857

---

trict of Illinois to the Western District of North Carolina by Judge Brian B. Duff on October 17, 1991. The other North Carolina action (*Weisman*) was ordered transferred from the South-

ern District of New York to the Western District of North Carolina by Judge Michael B. Mukasey on June 1, 1992.

**540**

■■■■■■■■■■■

**Western District of North Carolina**

*Irwin Halpert, et al. v. Bear, Stearns &
Co., Inc., et al.,* C.A. No. 3:91–0423

*Matthew Weisman v. Southeast Hotel
Properties Limited Partnership, et al.,*
C.A. No. 3:92–288–MU