**STATE OF UTAH, Plaintiff,**

v.

**AMERICAN PIPE AND CONSTRUCTION COMPANY, United Concrete Pipe Corporation, Utah Concrete Pipe Company, W. R. White Company, United States Steel Corporation, Kaiser Steel Corporation, Smith-Scott, Inc., U. S. Industries, Inc., Defendants.**

**Civ. No. 69–1964.**

United States District Court,
C. D. California.

June 19, 1970.

See also D.C., 50 F.R.D. 99.

Vernon B. Romney, Atty. Gen., State of Utah, Mulliner, Prince & Mangum,

Gerald R. Miller, Denis R. Morrill, Neslen & Mock, Salt Lake City, Utah, for plaintiffs.

George W. Jansen, Sullivan, Jones & Mitchell, James O. Sullivan, Wayne M. Pitluck, San Diego, Cal., Rawlings, Roberts & Black, Salt Lake City, Utah, for American Pipe and Construction Co.

Gibson, Dunn & Crutcher, Robert E. Cooper, Los Angeles, Cal., Fabian & Clendenin, Peter W. Billings, Salt Lake City, Utah, for United Concrete Pipe Corp. and Smith-Scott, Inc.

VanCott, Bagley, Cornwall & McCarthy, Haldor T. Benson, Salt Lake City, Utah, O'Melveny & Myers, Thomas J. Ready, Los Angeles, Cal., for Utah Concrete Pipe Co.

Ryley, Carlock & Ralston, Read Carlock, Phoenix, Ariz., Olmstead, Stine & Campbell, Richard W. Campbell, Ogden, Utah, for W. R. White Co.

Dominic B. King, Law Depart. United States Steel Corp., Pittsburgh, Pa., Musick, Peeler & Garrett, Jesse R. O'Malley, Lawrence E. Stickney, Los Angeles, Cal., Parsons, Behle, Evans & Latimer, Calvin A. Behle, Salt Lake City, Utah, for U. S. Steel Corp.

Thelen, Marrin, Johnson & Bridges, Gordon Johnson, San Francisco, Cal., Clyde, Mecham & Pratt, Edward W. Clyde, Salt Lake City, Utah, for Kaiser Steel Corp.

Paul, Hastings, Janofsky & Walker, Oliver F. Green, Jr., Los Angeles, Cal., Moyle & Moyle, Hardin A. Whitney, Jr., Salt Lake City, Utah, for U. S. Industries.

## DECISION

PENCE, Chief Judge.

Quo Vadis?

After this court on December 17, 1969, 49 F.R.D. 17, ordered that this action not be maintained as a class action, some 60 governmental entities in the State of Utah moved, pursuant to Rule 24(a) (2) or in the alternative Rule 24(b) (2), F. R.Civ.P., to intervene as plaintiffs herein. As the history of this litigation indicates, the spectre of the bar of the staute of limitations has haunted the plaintiffs seeking to intervene, and that bar compelled this court to deny the motions in intervention and the others concurrently made. In its present context, this court has entered a final Order denying the plaintiffs their sought-for day in court and the same is clearly appealable.

From this court's order of denial, the plaintiffs have indicated that they wish so to appeal and that the appeal be heard in the Tenth Circuit, from whence this underlying Utah case was transferred to the Central District of California by virtue of 28 U.S.C. § 1407. Plaintiffs maintain that the court's order denying intervention, etc., mandates this court to remand their complaint in intervention and other moving papers to the Panel, for remand to the District of Utah from which this Utah case was transferred, pursuant to Rule 15(b) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.[1]

Defendants, however, insist that plaintiffs' only route of appeal is by 28 U.S. C. § 1294, i. e., to the court of appeals for the circuit embracing the district in which the decision claimed as erroneous was made, in this case the Ninth Circuit. Defendants' authority for this treatment is that "common sense dictates that the present appeal should be taken to the Ninth Circuit", arguing that if appeal were taken to the Tenth Circuit and the decision of this court were reversed, plaintiffs' cases would then be in the Tenth Circuit, with the remaining portion of the case, i. e., Utah's, in the Ninth Circuit, until further action by the Panel under § 1407. This, say the defendants, "clearly would defeat the policy of" § 1407.

Defendants also urge that a transfer of the plaintiffs' cause back to the Tenth Circuit for the purpose of appeal would be contradictory to the congressional intent under § 1407; that all matters prior

---

1. 28 U.S.C. § 1407, Rules.

to trial, including appeals, should be resolved in the transferee court and in the court of appeals having jurisdiction over it, contending:

"Section 1407(e) of Title 28, U.S.C., is quite clear in this regard:

" 'Petitions for an extraordinary writ to review an order to transfer, or order subsequent to transfer shall be filed only in the court of appeals having jurisdiction over the transferee district.' "

Defendants' preceding reference to § 1407(e) is taken entirely out of context. Petitions for an extraordinary writ, as referred to in that excerpt, are all modified by prior and subsequent sentences, viz.:

"No proceedings for review of any order of the panel may be permitted except by extraordinary writ * * *."

All references within the subsection are concerned with the orders of the Panel —not the orders of any district court.

Plaintiffs' contention that their complaint, motions, etc., must now be remanded to the Panel for transfer back to the transferor court under Rule 15(b) of its Rules, likewise has no application to this case under its present status.

Rule 15 concerns itself with Remand. Rule 15(a) does but state that upon specified motions, etc., the Panel will *consider* remand of transferred actions, etc., at or before conclusion of pretrial. Subsection (b) then states to which district the Panel will remand—if it decides to do so. Neither subsection (a) or (b) concerns itself with appeals.

Rule 15(c) provides that "actions terminated in the transferee court by settlement, dismissal or summary judgment shall not be remanded by the Panel. The original file and a copy of the termination order should be returned to the Clerk of the original transferor court." Within the context of § 1407, this subsection of the rule could have application only in those circumstances when the action in question has been ended, formally, definitely and with finality. At that time, all that is left is the simple function of filing the same by the clerk of the transferor court for record only. Under those circumstances not even the Panel is interested in having anything further to do with the action.

One of the purposes of § 1407, as indicated by its language and legislative history was "to eliminate the potential for conflicting contemporaneous pretrial rulings by coordinate district and appellate courts in multidistrict related civil actions." [2]

Two courts of different but exclusive jurisdictions, or venues, cannot exercise control over the same single claim for relief at the same time. In substance, a transfer under 28 U.S.C. § 1404(a) is "a change of venue" for completion of pretrial or for trial and other disposition.[3] It is manifest that after an order changing venue, the jurisdiction of the transferor court, and, if that court is not in the same circuit as the transferee court, likewise the jurisdiction of the transferor's court of appeals ceases over the transferred action.

With all pretrial proceedings after order of transfer and before remand being conducted in the transferee court, appellate proceedings for early review of pretrial rulings lie in the court of appeals for the transferee district from the time of transfer until remand. Thus, as Congress intended, coordination of rulings at the appellate level will also be achieved in one court of appeals.

When the Panel transferred the State of Utah case to this court for pretrial, it was intended that this district court should process all judicial proceed-

2. See In Re Plumbing Fixture Cases, 298 F.Supp. 484, 490–492 (1968), Judicial Panel on Multidistrict Litigation.

3. *Id.* at 495.

ings thereof, before trial. These plaintiffs in intervention, attempting to come in piggyback upon Utah's case, are subject to the same legal rights and disabilities under § 1407 as Utah.

If plaintiffs desire to appeal, venue-cum-jurisdiction for the same now lies in the Ninth Circuit.