In re The UPJOHN COMPANY ANTIBI-
OTIC "CLEOCIN" PRODUCTS
LIABILITY LITIGATION.

MDL No. 343.

United States District Court,
E. D. Michigan, S. D.

March 3, 1981.

R. Ray Orrill, Jr., New Orleans, La., Thomas H. Bleakley, Detroit, Mich., Kenneth M. Henke, Lafayette, La., for plaintiff.

William E. Bush, The Upjohn Co., Kalamazoo, Mich., James G. Smith, Kitch & Suhrheinrich, P. C., Detroit, Mich., for defendant.

## ORDER

CORNELIA G. KENNEDY, District Judge.

The parties in this multidistrict litigation, which had been transferred to this Court for pre-trial proceedings pursuant to 28 U.S.C. § 1407(a), entered a stipulation that remand of all individual actions to the respective transferor courts was appropriate. This Court's order of remand, dated May 9, 1980, followed the exact language of the stipulation in ordering that:

> the parties to each of such actions shall not be foreclosed or limited from their listing in the respective transferor courts of factual and/or expert witnesses to testify and offer opinions, as provided by the Federal Rules of Evidence on common and/or local facts or from continuing discovery on common and/or local factual issues within such transferor courts; . . . .

The multidistrict panel entered its order of remand, dated May 28, 1980, effective June 13, 1980.

Plaintiffs now move this Court for a clarification and/or modification of its order of May 9, 1980 and for a protective order. They complain that defendant wants to redepose plaintiffs' four expert witnesses and has filed unduly harassing and oppressive subpoenaes duces tecum upon various persons. Therefore, they request this Court to modify its order to restrict all common issue discovery after remand with respect to factual and expert witnesses to those which could not have been reasonably anticipated prior to remand and to issue a protective order to quash depositions noticed by the defendant upon plaintiffs' four expert witnesses who have been previously deposed.

Defendant argues that this Court has no jurisdiction to entertain plaintiffs' motion as the cases have been remanded to the original courts.

This Court must agree with the defendant. When a case has been transferred by the multidistrict panel, venue has

been changed and the transferor court no longer has any jurisdiction of the matter. It can issue no further orders and any further action it takes has no effect. *See In re Aircrash Near Duarte, California, on June 6, 1971*, 357 F.Supp. 1013, 1015 (C.D.Cal. 1973); *State of Utah v. American Pipe & Construction Co.*, 316 F.Supp. 837, 839 (C.D. Cal.1970); *In re Plumbing Fixture Cases*, 298 F.Supp. 484, 495–96 (Jud.Pan.Mult.Lit. 1968). An order remanding the case back to the transferor court is also a change of venue. The transferor court takes the case with all the errors that may have fastened upon it. *See Allegheny Airlines, Inc. v. LeMay*, 448 F.2d 1341, 1344–45 (7th Cir.) (per curiam), *cert. denied*, 404 U.S. 1001, 92 S.Ct. 565, 30 L.Ed.2d 553 (1971). Had the parties opposed the remand and the remand been stayed, then this Court would have retained jurisdiction. *See In re Penn Central Commercial Paper Litigation*, 62 F.R.D. 341, 343 (S.D.N.Y.1974), *aff'd mem.*, 515 F.2d 505 (2d Cir. 1975). However, the remand was not stayed in the present case. Since two courts with exclusive different jurisdiction cannot have jurisdiction over the same single cause of action, *see In re Plumbing Fixtures, supra*, 298 F.Supp. at 495, plaintiffs' Motion for Clarification and/or Modification is DENIED.