In re EXTERIOR SIDING AND ALUMI-NUM COIL LITIGATION.

HOYT CONSTRUCTION COMPANY, INC., Minnesota Exteriors, Inc., et al.,

v.

ALSIDE, INC., et al.

WESTERN BUILDERS, INC. and Lagar Construction Company

v.

ALSIDE, INC., et al.

MIDWEST BUILDERS & MATERIALS, INC.

v.

ALSIDE, INC., et al.

MDL No. 454.
Nos. 4–75 Civ. 257, 4–81 Civ. 255 and 4–81 Civ. 268.

United States District Court,
D. Minnesota.

Jan. 5, 1982.

John A. Cochrane, Stewart C. Loper, Cochrane & Bresnahan, St. Paul, Minn., Abraham N. Goldman, Chicago, Ill., for plaintiffs.

Eugene M. Warlich, Elizabeth Hoene, Doherty, Rumble & Butler, St. Paul, Minn., for Alcan Aluminum Corp.

Leon R. Goodrich, Mark C. Peterson, Oppenheimer, Wolff, Foster, Shepard & Donnelly, St. Paul, Minn., for Alside, Inc.

Gordon G. Busdicker, Wendy J. Wildung, Faegre & Benson, Minneapolis, Minn., for Aluminum Co. of America.

Clay R. Moore, Mackall, Crounse & Moore, Minneapolis, Minn., and Richard P. McElroy, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for Bethlehem Steel Corp. and Mastic Corp.

Elliot S. Kaplan, Deborah J. Palmer, Robins, Zelle, Larson & Kaplan, Minneapolis, Minn., for Kaiser Aluminum & Chemical Corp. and Kaiser Aluminum & Chemical Sales, Inc.

Robert A. Albrecht, Moore, Costello & Hart, St. Paul, Minn., for Revere Copper and Brass, Inc.

Michael E. Bress, Dorsey, Windhorst, Hannaford, Whitney & Halladay, Minneapolis, Minn., for Reynolds Metals Co.

Jeffrey F. Shaw, Briggs & Morgan, St. Paul, Minn., for U. S. Steel Corp.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

On June 4, 1975, Hoyt Construction Company and Minnesota Exteriors, Inc. filed the first of these class actions in the District of Minnesota against ten defendants, alleging violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, in connection with the production, sale and distribution of aluminum ingot, aluminum coil used in fabricating aluminum siding and related products. Similar suits were filed in the United States District Court for the Northern District of California by Western Builders, Inc. and Lagar Construction Company on December 9, 1980. Midwest Builders & Materials, Inc. filed suit in the Northern District of Illinois—Eastern Division on December 23, 1980.

Each plaintiff alleged that the defendants violated the Sherman Antitrust Act by engaging in a continuing conspiracy to restrain interstate commerce by specifically eliminating competition, and fixing and stabilizing prices at an artificially high level. By order dated April 8, 1981, the Judicial Panel for Multidistrict Litigation consoli-

dated and transferred to this court, for pre-trial proceedings, the separate actions of Hoyt Construction Company, Inc., Western Builders, Inc. and Midwest Builders & Materials, Inc. against the ten defendants pursuant to § 1407 of the Multidistrict Litigation Act (the Act) 28 U.S.C. § 1407.

This court, in its Memorandum Opinion and Order dated August 3, 1981, granted the plaintiffs' motion for class action determination designating the present plaintiffs as the class representatives. Prior to consolidation and transfer to this court, Judge Alsop of the United States District Court for the District of Minnesota had denied class action certification on three separate occasions in *Hoyt v. Alside*, Civil No. 4–75257.

The defendants have filed a joint motion to vacate this court's Order of August 3, 1981 granting plaintiffs' motion for class determination or, in the alternative, to certify the question for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

The defendants' objections to the certification of the class fall into two broad categories:

1. This court's alleged failure to accord substantial weight to the pre-consolidation decision of Judge Alsop of the District of Minnesota denying certification of the class, which they assert should have weighed heavily in this court's determination, and

2. The plaintiffs' alleged failure to meet the threshold requirements of class certification under F.R.Civ.P. 23(a) and 23(b)(3).

After careful review and reconsideration of the written submissions and oral argument of the plaintiffs and the defendants, we deny the defendants' motion to vacate, and we reaffirm our decision to certify the class consisting of direct purchasers of aluminum siding and related building products and accessories or the coil from which these products are made. We also deny defendants' motion for certification of an interlocutory appeal.

By its nature, complex multidistrict litigation presents the potential for conflicting and duplicative discovery and other pre-tri-

al procedures. Avoiding conflicts and duplication in an effort to assure the "just and efficient" conduct of such actions is the thrust of the Multidistrict Litigation Act, 28 U.S.C. § 1407. *See*, 1968 U.S.Code Cong. and Admin.News, p. 1898. The transfer to a single jurisdiction, for pretrial proceedings, of numerous cases pending in various district courts, affords the opportunity for centralized, coordinated and consolidated management thereby avoiding the chaos of conflicting decisions and fostering economy and efficiency in judicial administration. The transfer provisions of § 1407(a) are entirely consistent with the goal of Fed.R. Civ.P. 23 in achieving economies of time, effort and expense and in promoting uniformity of decision as to persons similarly situated without sacrificing procedural fairness or bringing about other undesirable results.

The defendants have placed at issue the appropriate weight which this court, in reaching its *post*-consolidation certification decision as the transferee court, should have accorded the transferor court's three *pre*-consolidation class certification denials. They contend that Judge Alsop's three prior denials of class certification should carry substantial weight, and they accuse this court of failing to deal with those prior holdings in this case, and of overturning "a series of thoroughly considered rulings without justification" in the records. (Defendant's Brief—p. 15).

 It is clear from the Act itself that class certification determinations are to be resolved by the transferee court free from the influence of any initial determinations of transferor courts. 3B Moore's Federal Practice ¶ 23.50. *See generally*, Post-Consolidation Impact, [1972] 3 Trade Reg.Rep. (CCH) 9202. *In re Piper Aircraft*, 405 F.Supp. 1402 (Jud.Pan.Mult.Lit.1975); *In re Antibiotic Drugs*, 299 F.Supp. 1403 (Jud. Pan.Mult.Lit.1969); *In re Plumbing Fixtures*, 298 F.Supp. 484 (Jud.Pan.Mult.Lit. 1968). *Accord, In re the Upjohn Co. Antibiotic Cleocin Products*, 81 F.R.D. 482, 486 (E.D.Mich.1979) (explaining that particularly with regard to pretrial proceedings and

the conduct of discovery which are in the exclusive control of the transferee judge, multidistrict litigation is the *exception* to the general rule that one court may not disturb an order entered by another court). With specific reference to class action determinations made by a transferor court *prior* to transfer under § 1407, the transferee court may resolve conflicting requests for class action determination, and review, modify, expand, revise or vacate any prior order as in its judicial discretion, is desirable or necessary in the interests of justice. *In re Plumbing Fixtures*, 298 F.Supp. at 489.

■ Under the Act then, this court is free to exercise those pretrial powers exercisable by the transferor court under the Federal Rules of Civil Procedure, and to make any pretrial order that court could have made in the absence of the transfer. *See generally*, Weigel, *The Judicial Panel on Multidistrict Litigation, Transferor Courts and Transferee Courts*, 78 F.R.D. 575, 576 (1978) (*citing, In re Antibiotic Antitrust Actions*, 333 F.Supp. 299, 303 (S.D.N.Y.1971).

■ The decision to certify this matter for class action treatment was made within this court's broad discretion to render determinations regarding the maintainability of the action, definition of the class, limitation of its scope and conduct of the proceedings. *In re Cessna Distributorship*, 518 F.2d 213, 215 (8th Cir.), *cert. denied*, 423 U.S. 947, 96 S.Ct. 363, 46 L.Ed.2d 282 (1975); *Brown v. U. S.*, 508 F.2d 618, 627 (3d Cir. 1974), *cert. denied*, 422 U.S. 1027, 95 S.Ct. 2631, 45 L.Ed.2d 684 (1975). That is not to say that in the exercise of our broad discretion, the prior decisions of our learned colleague Judge Alsop were ignored; see page 49, infra, but it is to say that *this* court, upon thorough consideration of the briefs and oral arguments now before it, differed as to the result. The exercise of individual judgment is a fundamental part of the exercise of this court's discretionary powers, and in so doing we determined in our Memorandum Opinion and Order dated August 3, 1981 that the plaintiffs had met the threshold requirements of F.R.Civ.P. 23(a) and 23(b)(3) and thereby granted their motion for class action certification. We have not been presented with any additional information which would cause us, upon reconsideration, to vacate that order and we therefore reaffirm it and deny the defendant's motion to vacate.

Defendants have requested, in the alternative, that we certify our class action certification determination for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The statute reads in pertinent part that:

(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

■ In multidistrict litigation, appeals from the decision of the transferee court, are to be made in the circuit in which the transferee court sits. *Utah v. American Pipe and Construction Co.*, 316 F.Supp. 837, 839 (C.D.Calif.1970) (emphasizing that just as Congress intended coordinated rulings on pretrial proceedings in one district court, coordination of rulings on pretrial decisions at the appellate level will be achieved in one court of appeals.) Post-Consolidation Impact, Trade Reg.Rep., *supra*. Certification for interlocutory appeal rests entirely in the discretion of the district court judge. *Gardner v. Westinghouse Broadcasting Co.*, 559 F.2d 209, 212 (3d Cir. 1977); *Ratner v. Chemical Bank New York Trust Co.*, 309 F.Supp. 983 (S.D.N.Y.1970). *See also*, 1958 U.S.Code Cong. & Admin.News, pp. 5255, 5257 (predicating the ultimate success of proposed subsection (b) in relieving district court backlog on the wisdom of the judges who administer it.) The Court of Appeals for the Third Circuit has stated explicitly that it does not follow a policy of accepting freely appeals from the grant of class action certification particularly because such action is grounded in the discretionary power of the district court. *Link v. Mercedes-Benz of North America, Inc.*, 550 F.2d 860 (3d Cir.), *cert. denied*, 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1976). *Accord, Gard-*

ner, *supra*, at 221. *Gardner* emphasizes that "class determination, whether affirmative or negative, lacks the immediate and drastic consequences which attend an injunction and which form the basis for excepting injunctive rulings from the final judgment rule" for the purpose of appellate review. *Gardner, supra*, at 213. But that does not preclude certification of an interlocutory appeal in the face of exceptional cases presenting special circumstances. *In re Cessna Distributorship, supra*, at 216. *Accord, Sullivan v. Pacific Indemnity Co.*, 566 F.2d 444 (3d Cir. 1977); *Link v. Mercedes-Benz, supra.*

Those special circumstances are enumerated in § 1292(b); in the conjunctive they are:

1. The presence of a controlling question of law,

2. as to which there is a substantial ground for a difference of opinion,

3. the immediate appeal from which may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

■ Plaintiffs contend that class certification is a question of fact, while the defendants contend it is a question of law. *See, Link v. Mercedes-Benz, supra*, (where the judges of the Third Circuit similarly reached differing characterizations.) However, we need not resolve that issue because assuming arguendo that class certification is a controlling question of law, this court has determined that the defendants have not met criteria 2 and 3 and on that basis alone, certification of an appeal would be inappropriate.

Defendants advance the argument that the differing conclusions reached by this court and Judge Alsop of the District of Minnesota demonstrate a substantial ground for a difference of opinion regarding the propriety of class certification. We reiterate that it was within the discretion of this court *alone*, as the transferee court, to grant certification, and we clearly enunciated our reasons for doing so in our opinion of August 3, 1981.

Although the Eighth Circuit has recognized the beneficial role which an interlocutory certification can play in serving the legitimate objectives of class action litigation when "it fairly appears that an immediate appeal may materially advance the ultimate termination of the litigation," *Sperry Rand Corp. v. Larson*, 554 F.2d 868, 871 n. 3 (8th Cir. 1977), such a situation is not presented in the case *sub judice*. In light of the already protracted existence of this litigation, spanning the years 1975 through 1981, one can hardly imagine that an interlocutory appeal of class certification will promote the underlying policies of § 1292, to avoid harm to the parties from an erroneous interlocutory order, and to avoid wasted trial time and litigation expense. To the contrary, this appeal, if permitted, would impede rather than advance the ultimate termination of the litigation, particularly in the absence of a substantial ground for a difference of opinion on a controlling issue of law.

Defendants have advanced no unique considerations for this court's evaluation which convince us that this case presents special circumstances bringing it outside the general rule and making certification for interlocutory appeal appropriate. Accordingly, the defendants' motion for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is denied.