### In re CLAIMS REMOVED BY HONEYWELL INTERNATIONAL INC.

No. 2:01–MC–0104.

United States District Court, S.D. West Virginia, Charleston Division.

Jan. 4, 2002.

**MEMORANDUM OPINION AND REMAND ORDER**

HADEN, Chief Judge.

Pending are the emergency motion of 1) Honeywell International Inc. (Honeywell) to accept removal papers and deem them filed as of December 27, 2001, 2) the motion of Plaintiffs seeking abstention or remand in the cases tendered for removal, and 3) Honeywell's motion for temporary stay of Plaintiffs' motion. For reasons discussed below, Honeywell's motion to accept removal papers is **GRANTED,** Plaintiffs' motion to remand is **GRANTED,** and Honeywell's motion to stay is **DENIED.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

In late November 2001, one hundred sixty (160) state asbestos cases were removed by Ford, DaimlerChrysler, and General Motors (the "Automakers") to this Court, based on jurisdictional claims allegedly related to the Federal–Mogul Global, Inc. (Federal–Mogul) bankruptcy, recently pending in the District of Delaware. Those cases, pending in state circuit courts in both the Northern and Southern Districts of West Virginia, previously were consolidated by order of the Supreme Court of Appeals of West Virginia, transferred to its Mass Litigation Panel, and assigned to the Circuit Court of Kanawha County as part of a mass tort litigation of state asbestos claims. From that latter court they were presented to this forum.

Following an expedited briefing schedule and extensive argument, the Court held related-to jurisdiction was problematic on the factual showing made. Alternatively, even if subject matter jurisdiction had been demonstrated on an arguably conceivable basis, the Court would and did remand the cases on equitable grounds. *See In re Asbestos Litigation,* 271 B.R. 118 (S.D.W.Va.2001).

On December 20, 2001 the Clerk's Office informed the Court that counsel for certain Automakers were questioning its staff con-

cerning re-removal of the actions remanded by the December 7 opinion. The Clerk was ordered not to process removal papers tendered by removing counsel associated with the previously removed and remanded civil actions, pending further Order. Counsel were noticed that further action in all those cases should occur only on motion to the undersigned judge. *In re Asbestos Litigation*, Nos. 2:01–1055 to 2:01–1074, 2:01–1085 to 2:01–1224 (S.D.W.Va. Dec. 20, 2001) (Order and Notice).

On December 27, 2001 Honeywell presented the Clerk with thirty-two (32) case designations, involving three hundred seventy-six (376) underlying state cases, which it sought to remove to federal court as related to the Federal–Mogul bankruptcy. Because some of the claims Honeywell seeks to remove pend in the previously removed and remanded actions involving the Automakers, the Court determined these putative removals were subject to the requirements of its December 20 Order. The Clerk's office rejected the proffered removal notices on that basis, after which Honeywell moved the Court to accept and file the removal papers as if accomplished on December 27, 2001, the date of tender.

At a hearing on the emergency motion held on January 3, 2001 the Court heard argument from Honeywell and representative Plaintiffs in the state actions. Honeywell distinguished the instant claims proffered for removal from the Automakers' claims because between the time of the two removals, on December 19, 2001, the

Honorable Alfred M. Wolin, U.S. District Judge by designation to the District of Delaware, entered an order provisionally transferring certain Honeywell friction products claims to the Delaware District Court. *See In re Federal–Mogul Global, Inc., T & N Limited, et al.*, Chapter 11 Case Nos. 01–10578, et al. (D.Del. Dec. 19, 2001). Significantly, Judge Wolin noted the considerations under which that order was entered:

> This matter having been opened upon the motion to transfer (the "Transfer Motion") to this Court by Honeywell International, Inc. ("Honeywell") certain claims against it arising out of so-called "friction products" as to which the movant contends it has a right of indemnification against the debtors in these administratively consolidated Chapter 11 proceedings (the "Friction Product Claims"); *and it appearing that movant has removed these cases from the several state courts to the United States District Courts for the Districts in which these cases were pending; and the movant having also moved for a provisional order of transfer to preserve the status quo pending a plenary hearing and determination by the Court of the Transfer Motion[.]*

*Id.* (emphasis added).

## II. DISCUSSION

Honeywell argues Judge Wolin's December 19 Provisional Transfer Order divests this Court of jurisdiction to decide issues of remand and abstention.[1] That is, once

---

1. Removal of cases related to bankruptcy is governed by 28 U.S.C. § 1452(a), which provides, "A party may remove any claim or cause of action in any civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Under Section 1334, district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or *related to a case under title 11.*" 28 U.S.C. § 1334(b) (emphasis added). The parties agree, there would be federal subject matter jurisdiction if Honeywell's claims are determined to be related to the Federal–Mogul Global, Inc. bankruptcy.

the cases were removed on December 27 to this Court, then, because of prior entry of the Provisional Transfer Order, they are transferred automatically to the Delaware District Court for initial determination of jurisdiction. On this reasoning, this Court, as a mere pass-through forum, would lack authority to block removal, remand, or abstain from ruling because, after an order changing venue, the jurisdiction of the transferring court ceases, and thereafter the transferring court has no authority to issue further orders. The cases Honeywell cites for this proposition all involve transfer orders from a multidistrict litigation (MDL) panel. (*See* Emergency Motion ¶ 9) (citing *e.g. Glasstech, Inc. v. AB Kyro OY*, 769 F.2d 1574 (Fed.Cir.1985); *In re The Upjohn Co. Antibiotic "Cleocin" Products Liability Litigation*, 508 F.Supp. 1020 (E.D.Mich.1981)). Because this proceeding is not governed by the above precedent, the Court need not address whether MDL principles extend to provisional transfer orders entered by a district court in which a bankruptcy case is pending.

This Court respects the proceedings of the District Court of Delaware and its Provisional Transfer Order. Scrutiny of the straightforward unambiguous language of that order, however, does not support Honeywell's contentions.

As quoted at length above, the Provisional Transfer Order relies on several premises. First, Honeywell contends it has a right of indemnification against a bankruptcy debtor, that is, related-to subject matter jurisdiction is alleged. Second, Honeywell has removed these cases from the several state courts to the United States District Courts for the Districts in which these cases were pending, i.e., the cases are in federal court and subject to an order of the Delaware District Court. And, third, Honeywell has moved for a provisional transfer order to preserve the *status quo* pending a plenary hearing, that is, motions for remand or abstention pending in the various district courts should remain pending, but now before the Delaware court, so the *status quo* may be maintained.[2]

Honeywell sought to remove its claims to this Court as of December 27, 2001. The claims had not been removed at the time of the Provisional Transfer Order of December 19, 2001; they were pending in the Circuit Court of Kanawha County, West Virginia. The *status quo* would not be maintained if state court cases on December 19, 2001 were removed later and then transferred by operation of an order that applied only to pending federal cases. Altering the status of a case or claim *post quo* is not preservation of the *status quo*.[3]

█ In other words, the Provisional Transfer Order does not apply to transfer future removals of state cases, but only to cases and claims already removed and currently pending in federal court when it was entered.[4] Accordingly, the Court **FINDS**

---

**2.** The Court notes the reference to the Delaware bankruptcy court was withdrawn only "with respect to matters involving subject matter jurisdiction, abstention and remand regarding the Friction Product Claims." Provisional Transfer Order at 2.

**3.** In contrast, the transfer order transferring Dalkon Shield cases related to the A.H. Robins bankruptcy to the Eastern District of Virginia explicitly transferred all actions "related to the Robins' Chapter 11 case now pending in any federal district court *or subsequently removed to any federal district court,* during the pendency of this Chapter 11 case[.]" *A.H. Robins Co., Inc. v. Piccinin,* 788 F.2d 994, 998 (4th Cir.1986) (emphasis added).

**4.** Honeywell argues *Bankruptcy Rule* 9027(a)(2) governs the time for removal of pending actions. Thus, it argues, Judge Wolin did not need to explicitly extend his order to govern later-removed actions because the time for removals would end by rule. First,

and **CONCLUDES** the Provisional Transfer Order on its face does not apply to the cases or claims Honeywell seeks to remove as of December 27, 2001.

Honeywell's motion to accept removal papers and deem them filed as of December 27, 2001 is **GRANTED.** Because these late-removed cases or claims were not governed by Judge Wolin's transfer order, the authority remains in this Court to resolve Plaintiffs' motion to abstain and/or remand the actions.

■ Honeywell's claims, as explained above, all arise in the context of state mass litigation of asbestos claims and are now before this Court in a procedural posture identical to the Automakers' claims on or before December 7. Considering the earlier claims, the Court examined at length the equitable factors supporting remand pursuant to 28 U.S.C. § 1452(b). *See In re Asbestos Litigation,* 271 B.R. at 125–27. As the Court discussed in that Order, the state Mass Litigation Panel has set a February 2002 date for pretrial proceedings and a June 2002 date for commencing trials of certain representative actions. *Id.* at 126. It is to be emphasized these asbestosis cases have pended for six years, and now are scheduled for trial in the state court less than six months from date. To allow removal of certain claims now may prejudice both plaintiffs and co-defendants in the state actions. In the earlier opinion, the Court determined that questions of comity, accession to the state courts' superior knowledge of state law, prejudice to

involuntarily removed parties, including "temporal" prejudice, predominance of state law issues and non-debtor parties, and the expertise of the court in which the action originated all favored the Plaintiffs' argument for remand. *Id.* at 127.

Relying on that analysis of the Automakers' similarly-situated removed actions, the Court **GRANTS** Plaintiffs' current motion for remand of Honeywell's claims.

### III. CONCLUSION

Honeywell's motion to accept removal papers is **GRANTED.** The Clerk is directed to accept the tendered papers and docket them *nunc pro tunc* as filed December 27, 2001.[5] Plaintiffs' motion to remand is **GRANTED.** Honeywell's motion for a temporary stay of Plaintiffs' motion for abstention and/or remand is **DENIED.**

The Clerk is directed to send a copy of this Memorandum Opinion and Remand Order to counsel of record and a certified copy to the Circuit Clerk of Kanawha County.

---

the rule does not provide simply for a ninety-day removal period, as Honeywell contends, but for the longest period, which may extend to 180 days after the Chapter 11 order for relief. *See* Bankr.R. 9027(a)(2). Nor does the limited removal period, alter the fact, discussed above, that the plain language of Judge Wolin's transfer order does not extend to cases or claims pending in state court on

December 19, 2001. The order explicitly serves to maintain the *status quo*, under which the claims before this Court were and must remain in state court.

**5.** This Memorandum Opinion and Remand Order shall be docketed in each of those removed actions.